**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-21076

(Summary Calendar)
_____


EARNEST BRISHUN LOVE,

                              Plaintiff-Appellant,

versus

KAREN HUNT; GARY JOHNSON; STEPHEN
KELLEY, Capt.; SHARON KEILIN; JOHNA
SEPULVEDA,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-3021)
_____
August 29, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff Earnest Brishun Love, an inmate of the Texas Department of Criminal Justice, appeals the district court's dismissal of his civil rights action. We vacate and remand.

Love filed this lawsuit, pursuant to 42 U.S.C. § 1983, alleging that Defendants Karen Hunt, Gary Johnson, Stephen Kelley,

_____

[*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Sharon Keilin, and Johna Sepulveda harassed him because of his religious beliefs and retaliated against him for filing complaints against them. On November 21, 1994, the district court filed an order requiring Love to submit a more definite statement of his claim within thirty days. The order listed several questions that Love should answer in his statement, and warned Love that failure to comply with the order could result in dismissal of his action. On that same day, the district court also filed an order staying all proceedings pending a determination by the court, pursuant to 28 U.S.C. § 1915(d), of whether the action should be dismissed as frivolous. This order warned Love not to file any motions or conduct any discovery until authorized by the court to do so. Love never filed a more definite statement of his claim, and the district court never made its § 1915(d) determination. No further action was taken in the case until November 1, 1995, when the district court dismissed Love's suit for want of prosecution, pursuant to FED. R. CIV. P. 41(b), because he failed to comply with the order to submit a more definite statement of his claim. Love filed a timely notice of appeal.[1]

Love argues that the district court erred by dismissing his

---

[1] The Clerk of Court dismissed Love's appeal for want of prosecution, pursuant to Local Rule 42.3, because of Love's failure to file his appellate brief within the allotted time. Love filed a motion to reconsider, alleging that his appellate brief and two appellate motions had been timely enclosed in the parcel in which he returned the appellate record to the Clerk's Office. When said brief and motions were in fact found in the appellate record, the Clerk of Court reinstated the appeal.

complaint.  A district court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or for failure to comply with a court order.  FED. R. CIV. P. 41(b); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).  Unless otherwise specified in the order of dismissal, a dismissal under Rule 41(b) operates as an adjudication on the merits, and thus as a dismissal with prejudice.  We review a district court's Rule 41(b) dismissal for abuse of discretion.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

A Rule 41(b) dismissal of a plaintiff's action with prejudice is a severe sanction, to be used only when the plaintiff's conduct "has threatened the integrity of the judicial process." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).  Accordingly, we have previously stated that such a dismissal is improper unless the record evidences (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the interests of justice. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).  In his appellate brief, Love claims that he failed to comply with the district court's order to file a more definite statement of his claim because he did not have access to the pleadings and other documents in the record that would enable him to answer the questions in the district court's order.  It is also evident from Love's brief that he was confused by the district court's order staying further proceedings, which warned him not to

file any motions or conduct any discovery until authorized by the court, because he did not know how to obtain the documents he needed to file a more definite statement without filing an unauthorized motion.

We find that the record in this case demonstrates neither a clear record of delay nor contumacious conduct by Love.  We also find that lesser sanctions, such as an additional notice clarifying the court's earlier orders, would have better served the interests of justice.  Accordingly, we hold that the district court abused its discretion by dismissing Love's complaint under Rule 41(b).  We VACATE the district court's order dismissing Love's civil rights action for want of prosecution, and we REMAND to the district court for further proceedings consistent with this opinion.